2007 WY 34

**Glen R. WAYT, Appellant (Plaintiff),**

**v.**

**Heather M. URBIGKIT, Appellee (Defendant).**

No. 06–125.

Supreme Court of Wyoming.

March 2, 2007.

Representing Appellant: Pro se.

Representing Appellee: Marvin L. Bishop, III of Bishop, Bishop & Yaap, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1]   Glen R. Wayt appeals from the district court's summary judgment order quieting title to certain Natrona County real property in Heather M. Urbigkit.  He claimed that a warranty deed which conveyed property from him to Ms. Urbigkit was forged and was not supported by adequate consideration.  The district court relied upon the statutory presumption of correctness afforded to documents supported by a notary's certificate and granted summary judgment in favor of Ms. Urbigkit.  We affirm.

## ISSUES

[¶2]   Mr. Wayt, who appears *pro se,* does not set out a separate statement of appellate issues as required by W.R.A.P. 7.01.  The discussion section of his brief, however, contains three different arguments:

1.  The district court erred as a matter of law in granting defendant summary judgment because the court failed to recognize that plaintiff's submissions of affirmative evidence were sufficient to overcome the presumptive validity of the notarization of the warranty deed under Wyoming Statutory Law § 34–2–114, creating a question of fact.

2.  The district court erred in recognizing a *lis [pendens]* notice and reconveyance were determinative as a matter of law when the decision went on to consider the question of fact as to plaintiff's motive for the transfer of property.  Further, the court failed to consider that the plaintiff and defendant stood on equal ground[ ] with regard to the alleged potential of government forfeiture of the property at the time of [ ] the alleged transfer.

3.  The district court failed to recognize that there was a question of fact with regard to adequacy of consideration when defendant's evidence as to consideration was conflicting, and the fact that no consideration for the transfer of the property occurred.

Ms. Urbigkit phrases the appellate issues as:

A.  Did the District Court err in holding that Appellant has failed to present clear, cogent, and convincing evidence to overcome the presumption that his signature on the notarized Warranty Deed is valid?

B. Did the District Court commit error in granting Appellee's Motion for Summary Judgment by holding that since Appellant stated under oath he transferred the real property to Appellee by Warranty Deed that he is not allowed to recant in an effort to regain title to the property?

## FACTS

[¶ 3] On September 17, 1999, a warranty deed conveying certain Natrona County property from Mr. Wayt to Ms. Urbigkit was recorded in the county clerk's office. The deed, dated August 5, 1999, purportedly contained Mr. Wayt's signature and was notarized by Donald Painter, a Casper attorney and notary public, who has since died. It also recited that the conveyance was given "for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration in hand paid, receipt whereof is hereby acknowledged."

[¶ 4] On April 26, 2005, Mr. Wayt filed an action to quiet title to the property in him. He claimed he was the rightful owner of the property because his signature on the deed was forged and he had not received any consideration for the transfer. Ms. Urbigkit denied Mr. Wayt's allegations and counterclaimed to have the title to the property quieted in her name.

[¶ 5] The parties filed cross motions for summary judgment. In support of his claim that the deed was forged, Mr. Wayt filed affidavits indicating he had been incarcerated since July of 1999; he had not signed any legal documents, including the deed, during his incarceration; Mr. Painter's notarization certifying that Mr. Wayt acknowledged the deed before him on August 5, 1999, was false; and he did not receive any consideration for the conveyance. Mr. Wayt also presented the affidavit of the Natrona County Detention Center Administrator who stated his records did not indicate either Mr. Painter or Ms. Urbigkit had visited Mr. Wayt in jail on the date the deed was signed and notarized. Consequently, Mr. Wayt argued Mr. Painter could not have notarized his signature on the deed on that date. He also referred to a letter dated September 3, 1999, (after the date on the warranty deed) in which Mr. Painter had asked him to sign the deed.

[¶ 6] Ms. Urbigkit filed an affidavit in support of her summary judgment motion and in opposition to Mr. Wayt's motion. She stated that Mr. Wayt conveyed the property to her in consideration for work she performed for his businesses over a period of several years. In addition, Ms. Urbigkit presented a sworn statement from a *lis pendens* notice included in an earlier civil action between the parties, in which Mr. Wayt stated he conveyed the property to her.

[¶ 7] The district court granted Ms. Urbigkit's summary judgment motion and denied Mr. Wayt's motion, ruling that the notarized deed was presumptive evidence that Mr. Wayt acknowledged the deed before the notary public and Mr. Wayt had failed to present clear, cogent and convincing evidence to overcome the presumption. The district court also concluded Mr. Wayt could not take the position that he did not sign the deed when he had admitted he made the conveyance in the prior civil action. Mr. Wayt appealed the district court's summary judgment order to this Court.

## STANDARD OF REVIEW

[¶ 8] On appeal, we review a district court's summary judgment order *de novo*. *Carlson v. Flocchini Invs.*, 2005 WY 19, ¶ 9, 106 P.3d 847, 852 (Wyo.2005).

## DISCUSSION

[¶ 9] Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo.1999). We use the same materials and follow the same standards as the district court did when it initially considered the motion. *Carlson*, ¶ 9, 106 P.3d at 851–52. We examine the record from the standpoint most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id. See also, Merrill v. Jansma*, 2004 WY 26, ¶¶ 6–7, 86 P.3d 270, 274 (Wyo.2004). A fact is material if it would have the effect of establishing

1060

or refuting an essential element of the cause of action or defense asserted by the parties. *Id.*

[¶ 10] Mr. Wayt claimed his signature on the deed was forged. A forged deed is void and is wholly ineffective to pass title. 23 Am.Jur.2d *Deeds* § 164 (2002). In Wyoming, a deed must be properly acknowledged. Wyo. Stat. Ann. § 34–1–113 (LexisNexis 2003). Pursuant to Wyo. Stat. Ann. § 32–1–107 (LexisNexis 2005), if any document is notarized, the facts contained in the notary's certificate are presumed correct. That statutory provision states:

> In all the courts within this state the certificate of a notary public over his hand and official seal, shall be received as presumptive evidence of the facts contained in such certificate; provided, that any person interested as a party to a suit may contradict, by other evidence, the certificate of a notary public.

*Id.*

[¶ 11] Cases considering this provision have applied the well-settled rule that, to rebut the presumption that the facts contained in the notary's certification are true, the challenging party must provide cogent, clear and convincing evidence of their falsity. *See, e.g., Rowray v. Casper Mut. Bldg. & Loan Ass'n,* 48 Wyo. 290, 310, 45 P.2d 7, 14 (Wyo.1935); *Goodson v. Smith,* 69 Wyo. 439, 463, 243 P.2d 163, 173 (Wyo.1952). Furthermore, the unsupported testimony of the grantor typically is not sufficient to overcome a certificate regular on its face. *Rowray,* 45 P.2d at 14.

> [A]s a general rule, such testimony should be supported either directly by testimony corroborative of the grantor's assertions, or by evidence of facts and circumstances that render the grantor's testimony very probable; and in connection with the clear and consistent statements of the grantor make the proof of the falsity of the certificate satisfactory and convincing.

*Id.* The purpose behind this rule is to provide certainty and security in the realm of real property title. *Id.* at 14–15.

[¶ 12] Mr. Painter's notary certificate indicated Mr. Wayt acknowledged the deed before him on August 5, 1999. Mr. Wayt claims that he provided sufficient evidence to overcome the presumption in favor of Mr. Painter's notary certificate and raised a genuine issue of material fact as to whether his signature was forged. He points to his averment that he did not sign the deed before Mr. Painter on August 5, 1999, and the detention officer's affidavit indicating his records did not show that Mr. Painter visited him at the jail on the date in question. He also claims the September 3, 1999, letter addressed to him from Mr. Painter asking him to sign the deed gives rise to a genuine issue of material fact as to whether or not the deed was properly signed and acknowledged.

[¶ 13] To counter Mr. Wayt's position, Ms. Urbigkit executed an affidavit stating that she had worked for Mr. Wayt for several years in various business enterprises and had not received a salary from him.[1] She stated that, after Mr. Wayt was arrested in July of 1999, he told her he was going to convey the property to her in consideration for her work. Ms. Urbigkit averred that Mr. Wayt directed her to contact Mr. Painter to prepare the deed and she did. She stated that she subsequently received the signed and recorded deed from Mr. Painter.

[¶ 14] Ms. Urbigkit also presented a document from an earlier civil action Mr. Wayt brought against her. That action included a *lis pendens* notice pertaining to the property at issue here, in which Mr. Wayt stated under oath:

> This property was conveyed by myself to Heather M. Urbigkit in document no. 642082, recorded September 17, 1999, subject to the unrecorded reconveyance from Heather M. Urbigkit to myself, copy attached and made a part of herewith.

Ms. Urbigkit argued the sworn statement amounted to an admission by Mr. Wayt that the conveyance was, in fact, signed by him. Mr. Wayt responded that the *lis pendens* did not accurately express what he was trying to say and his position had always been that the document was fraudulent.

[¶ 15] A party is entitled to a summary judgment only when there are no

---

1. The parties indicated in court documents that they had been involved in an intimate relationship for approximately ten years before Mr. Wayt was incarcerated.

genuine issues of material fact. In making that determination, we must consider the level of proof required to ultimately prevail on the claim. For example, in fraud cases, where the plaintiff must prove his allegations by clear and convincing evidence, we have stated that in order to counter a summary judgment motion the opponent "must demonstrate genuine issues of material fact even at the summary judgment stage by clear, unequivocal and convincing evidence." *Phillips v. Toner*, 2006 WY 59, ¶ 22, 133 P.3d 987, 996 (Wyo.2006).

[¶ 16] As we explained above, there is a presumption in favor of the correctness of a notary's certificate. *Rowray*, 45 P.2d at 14. In order to overcome the presumption, the grantor must present cogent, clear and convincing evidence that the certificate is false and the grantor's uncorroborated testimony is not sufficient to overcome the presumption. *Id.* Mr. Wayt argues he overcame the presumption by presenting the jail records, which indicated Mr. Painter did not visit him in the jail on August 5, 1999, and the September 3, 1999, letter from Mr. Painter asking him to sign the deed. Although this evidence does seem to facially corroborate Mr. Wayt's position that he did not sign the deed before Mr. Painter on August 5, 1999, it does not prove Mr. Painter *never* notarized his signature on the deed. At most, it establishes that there may be a question of fact about the date the deed was signed and acknowledged.

[¶ 17] Moreover, Mr. Wayt's sworn statement in the *lis pendens* notice effectively prevents him from being able to meet the clear and convincing evidence standard necessary to overcome the presumption that the facts contained in the notary certificate are true. In his sworn *lis pendens* notice, Mr. Wayt stated he conveyed the property to Ms. Urbigkit and even recited the recording information.[2] He also stated the conveyance was made subject to a subsequent re-conveyance from Ms. Urbigkit; however, that al-

leged promise is not the legal issue presented here. On these facts, the district court correctly ruled, as a matter of law, Mr. Wayt did not overcome the presumption in favor of the notary's certificate and rejected Mr. Wayt's forgery claim.

[¶ 18] Mr. Wayt also claims summary judgment was improper because issues of fact existed as to the adequacy of the consideration for the conveyance. The district court's summary judgment order did not address this issue. The warranty deed recited consideration of ten dollars and other good and valuable consideration. Mr. Wayt maintained he did not receive any consideration from Ms. Urbigkit for conveying the property to her. Mr. Painter's September 3, 1999, letter indicated he understood the consideration was $5,000 which had been previously exchanged by the parties. Ms. Urbigkit averred the consideration for the transfer was the work she performed for several years for Mr. Wayt's various businesses. Mr. Wayt claims an issue of material fact exists because of the inconsistency between the various accounts of the consideration for the conveyance.

[¶ 19] The factual dispute about the type or amount of the consideration for the deed is irrelevant. The deed included the recital that the conveyance was made in consideration of ten dollars and other good and valuable consideration and Mr. Wayt acknowledged receipt of the consideration. "The acknowledgement of the receipt of consideration in a deed is prima facie evidence of that fact. A rebuttable presumption of the payment of valuable consideration is raised by the recital." 23 Am.Jur.2d *Deeds* § 80 (2002). Although there were different accounts regarding the type and amount of consideration given for the transfer, Mr. Wayt did not present any evidence, other than his own uncorroborated statement, to rebut the presumption that he received some good and valuable consideration for the conveyance. Consequently, no issues of materi-

---

2. The district court included a discussion in its summary judgment order regarding Mr. Wayt's possible motivation for conveying the property to Ms. Urbigkit. Relying on a federal drug case involving Mr. Wayt, the district court apparently believed he may have transferred the property to avoid seizure of the property by the federal government. Mr. Wayt argues the district court improperly decided a factual issue when it speculated on his motivation for the transfer. We need not address this matter because Mr. Wayt's motivation for the conveyance is irrelevant to the issues presented here.

al fact exist as to the adequacy of the consideration.

[¶ 20] Moreover, the law is well established that, as between the parties, a deed for conveyance of real property is good without consideration so long as there is no wrongful act, such as fraud or undue influence, on the part of the grantee. *See, e.g., Walsh v. Walsh,* 841 P.2d 831, 837 (Wyo. 1992); *Maurer v. Ballou,* 440 P.2d 126, 128 (Wyo.1968); *Strom v. Felton,* 76 Wyo. 370, 302 P.2d 917 (Wyo.1956). Mr. Wayt has not presented evidence showing Ms. Urbigkit committed any wrongful act with regard to the conveyance. In fact, in his response to Ms. Urbigkit's summary judgment motion, he conceded she may not have known the deed was forged. Thus, he is not entitled to have the deed cancelled for a lack of consideration.

[¶ 21] The district court properly granted Ms. Urbigkit's summary judgment motion and quieted title to the property in her. Affirmed.