2008 WY 151

**ESTATE OF Elsie M. JEDRZEJEWSKI, by and through the Personal Representative, David G. SEVERN, Appellant (Plaintiff),**

v.

**Janet L. BIERMA, Appellee (Defendant).**

**No. S–07–0268.**

Supreme Court of Wyoming.

Dec. 18, 2008.

Representing Appellant: Susan L. Feinman and Laura J. Jackson of Long Reimer Winegar LLP, Cheyenne, Wyoming.

Representing Appellee: Alexander K. Davison of Patton & Davison, Cheyenne, Wyoming; William D. Bagley of Bagley, Karpan, Rose & White LLC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Elsie Jedrzejewski, through her estate, is appealing the district court's decision upholding a deed of her residence in favor of Janet Bierma. Jedrzejewski alleges Bierma obtained her signature on the deed by wrongful act. She also claims the deed is unenforceable due to lack of consideration and lack of proper notarization. Finding no error in the district court's decision, we affirm.

## ISSUES

[¶ 2] Jedrzejewski presents three issues for review:

A. Did the District Court err when it declared as a matter of law that the Appellant [sic] holds title to the property described in the 1997 deed purportedly signed by the Appellant in favor of the Appellee ("purported deed") despite the lack of acknowledgement or of proper acknowledgement pursuant to Wyo. Stat. § 34–1–113?

B. Did the District Court err when it concluded as a matter of law that the purported deed is a valid contract between the Appellant and the Appellee despite the lack of consideration paid by the Appellee to the Appellant for the property?

C. Did the District Court err when it concluded as a matter of law that the purported deed is a valid contract between the Appellant and the Appellee despite evidence that the Appellee obtained the Appellant's signature on the purported deed through a wrongful act?

## FACTS

[¶ 3] Bierma is Jedrzejewski's stepdaughter. Jedrzejewski married Bierma's father in the early 1980's. Bierma's father died a few years later. After his death, Jedrzejewski and Bierma maintained a close relationship. Jedrzejewski spent holidays with Bierma and went on vacations with her. When Bierma moved to Wyoming, Jedrzejewski followed to remain close to her. Upon arrival in Wyoming in 1995, Jedrzejewski bought the house at issue in this case.

[¶ 4] In March of 1997, Jedrzejewski underwent successful surgery to remove a benign brain tumor. In May 1997, Jedrzejewski, with Bierma's help, reviewed and updated her estate plan. This included updating her will. Jedrzejewski also signed the title of her automobile over to Bierma. The will was signed by Jedrzejewski and purportedly notarized on May 29, 1997. The automobile title was signed by Jedrzejewski and purportedly notarized on May 22, 1997.

[¶ 5] Also on May 22, 1997, a general power of attorney and a warranty deed from Jedrzejewski to Bierma were signed and purportedly notarized. Jedrzejewski testified she never signed either document. She thought her signature might have been forged by Bierma. Bierma, on the other hand, testified Jedrzejewski was concerned about potential future creditors attaching her property. In order to avoid this, Jedrzejewski, of her own volition, decided to deed her house to Bierma. Bierma understood that deeding the house to her was only an estate planning mechanism. Jedrzejewski would maintain possession of the house and pay all related bills until her death. Bierma paid no consideration for the deed and Jedrzejewski did, in fact, remain in the house, paying all bills.

[¶ 6] Bierma testified Jedrzejewski signed all three documents—the power of attorney, warranty deed to the house, and title to the automobile—in her presence and in the presence of a notary on May 22, 1997. These three documents, along with Jedrzejewski's will dated May 29, 1997, were purportedly notarized by a notarial officer whose

notary commission had expired in November 1995.

[¶ 7] Jedrzejewski testified she first discovered the deed to her house was in Bierma's name in 2001. She did not, however, confront Bierma about this. According to Jedrzejewski's testimony, she and Bierma maintained a friendly and trusting relationship. Their relationship changed, however, in March 2002 when they stopped speaking. According to Jedrzejewski's testimony, nothing untoward happened. According to Bierma's testimony, Jedrzejewski became upset because Bierma's adult son was staying with her but was not helping with any household expenses. Bierma had told Jedrzejewski from the beginning not to let her son move in with her. An argument ensued, and Jedrzejewski stopped talking to Bierma, refusing to return Bierma's telephone calls.

[¶ 8] This action was begun in May 2006 when Jedrzejewski filed a complaint requesting the district court quiet title to her house in her name. After a bench trial, the district court ruled against Jedrzejewski. After the decision letter was issued, but before the final order was entered, Jedrzejewski passed away. Her estate was substituted as the complaining party. The estate now appeals the district court's ruling.

### DISCUSSION

*Standard of Review*

[¶ 9] This Court applies a clearly erroneous standard when reviewing findings of fact made by the district court after a bench trial. A finding is clearly erroneous when, even though substantial evidence supports it, the reviewing court is left with the definite and firm conviction that a mistake was made.

We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to the trial court's findings unless they are unsupported by the record or erroneous as a matter of law. Although the factual findings of a trial court are not entitled to the limited review afforded a jury verdict, the findings are presumptively correct.

This Court may examine all of the properly admissible evidence in the record, but we do not reweigh the evidence. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses. We accept the prevailing party's evidence as true and give to that evidence every favorable inference which may fairly and reasonably be drawn from it. Findings may not be set aside because we would have reached a different result.

*Snelling v. Roman,* 2007 WY 49, ¶¶ 7–8, 154 P.3d 341, 345 (Wyo.2007) (citations omitted). *See also Garrison v. CC Builders, Inc.,* 2008 WY 34, ¶ 22, 179 P.3d 867, 873–74 (Wyo. 2008). We review legal conclusions de novo. *Campbell County School Dist. v. State,* 2008 WY 2, ¶ 10, 181 P.3d 43, 49 (Wyo.2008); *Mullinnix LLC v. HKB Royalty Trust,* 2006 WY 14, ¶ 12, 126 P.3d 909, 916 (Wyo.2006).

*Sufficiency of the Evidence*

[¶ 10] Because Jedrzejewski relies upon her version of the facts to support her arguments in her other two issues, we will review the district court's factual determinations first. Jedrzejewski argues she had no intention of conveying the property to Bierma and Bierma must have forged the deed or otherwise committed fraud to obtain the deed. The district court ruled otherwise. The district court expressly found "the conveyance of Elsie M. Jedrzejewski's residence to Janet L. Bierma was not induced by fraud or undue influence." This factual finding is presumptively correct.

[¶ 11] In reviewing Jedrzejewski's appellate argument in light of the record, we are unconvinced that this finding is clearly erroneous. Jedrzejewski and Bierma offered almost diametrically opposed testimony. The factual findings therefore came down to a determination of credibility. The district court was in the best position to make this determination. Given the trial testimony and other evidence, we have no reason to question the district court's implicit credibility determination and subsequent evidentiary ruling.

*Lack of Proper Acknowledgment*

[¶ 12] Jedrzejewski earnestly argues the lack of proper acknowledgment renders the deed void ab initio. She bases her argu-

ment on Wyo. Stat. Ann. § 34–1–113, which in part requires the execution of all deeds be acknowledged by the party or parties executing the same before a notarial officer. There is no question the instant deed was not acknowledged by an authorized notarial officer. The pertinent inquiry, therefore, regards the consequence of the lack of proper notarization, *i.e.*, whether the deed really is void ab initio as argued by Jedrzejewski.

[¶ 13] Dating back to 1882, the precursors to the current statute always have required some form of acknowledgment.[1] In construing the respective statutory language, this Court has consistently held an improperly executed interest in real property is not void ab initio. The lack of proper acknowledgement prevents the instrument from being recorded, thereby protecting third parties who afterwards may acquire an interest in the property. The instrument is valid, however, as between the parties to the instrument:

> The trust deed in question was defectively executed, and was not entitled to record. Although recorded, the record was not constructive notice to any one of its contents. It is not a legal mortgage, but is effective between the parties as an equitable mortgage. The informality in the execution of the trust deed in question is that there is no subscribing witness, as required by statute, and that the acknowledgment is by the president alone, whereas the acknowledgment of the secretary is also necessary, as one of the parties au-

thorized by the resolution of the board of trustees of the company to execute the trust deed, and as the party having custody of the corporate seal. As between the parties, the following seems to be a correct and comprehensive statement of the law applicable to such cases: "A mortgage or trust deed which cannot be enforced by a sale under the power, or by a judgment of foreclosure, on account of some informality [in a matter] requisite to a complete mortgage or deed of trust, will nevertheless be regarded as an equitable mortgage, and the lien will be enforced by special proceedings in equity. The attempt to create a security in legal form upon specific property having failed, effect is given to the intention of the parties, and the lien enforced as an equitable mortgage. Any agreement between the parties in interest that shows an intention to create a lien may be, in equity, a mortgage. As stated by Judge Story, 'If a transaction resolve itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is, in equity, a mortgage. Effect has been given in this way to a deed of trust in which the name of the trustee was accidentally omitted; to one from which a seal was omitted by mistake; to one sealed in fact, but not expressed to be sealed; to one imperfectly acknowledged, or not acknowledged at all, or not witnessed as a deed of real estate is required to be. But it seems effect will not be given to a mortgage witnessed, ac-

---

1. Compare 1882 Wyo. Sess. Laws ch. 1, § 8:

 Deeds, mortgages or conveyances of lands or any interest in lands, executed within this Territory, shall be executed in the presence of one witness who shall subscribe the same as such, and the person executing such deed, mortgage or conveyance, shall acknowledge the execution thereof before any judge or clerk of a court of record, or before any county clerk, justice of the peace or notary public within the Territory, and the officer taking such acknowledgment shall endorse thereon a certificate of the acknowledgement thereof, and the true date of making the same, under his hand, and seal of office, if there be one.

 with Wyo. Stat. Ann. § 34–1–113 (LexisNexis 2007):

 Execution of deeds, mortgages or other conveyances of lands, or any interest in lands, shall be acknowledged by the party or parties

executing same, before any judge or clerk of a court of record, or before any United States magistrate appointed under and by authority of the laws of the United States, or any county clerk, district court commissioner, notary public, or other officer authorized under the laws of the state of Wyoming to take such acknowledgments, and the officer taking such acknowledgment shall endorse thereon a certificate of the acknowledgment thereof, and the true date of making the same, under his hand and seal of office, if there be one.

Section 34–1–113 was amended in 2008 to read: "Execution of deeds, mortgages or other conveyances of lands, or any interest in lands, shall be acknowledged by the party or parties executing same, before any notarial officer. The notarial officer taking such acknowledgment shall comply with the requirements of W.S. 34–26–107."

knowledged, and recorded, but not signed by the mortgagor.'" Jones, Mortg. § 168. *Frank v. Hicks,* 4 Wyo. 502, 513–14, 35 P. 475, 477 (1894).

[¶ 14] This holding has been followed over the years in such cases as *Conradt v. Lepper,* 13 Wyo. 473, 485, 81 P. 307, 308 (1905) (the requirements of a witness and acknowledgement "is necessary to admit the instrument to record, but does not affect its validity as between the parties"); *Huber v. Glenrock State Bank,* 32 Wyo. 357, 374, 231 P. 63, 69 (1925) (even if unwitnessed, "[t]he deed would in any event be good between the parties"); and *Ohio Oil Co. v. Wyoming Agency,* 63 Wyo. 187, 200, 179 P.2d 773, 776 (1947) (the validity of an improperly witnessed deed is "not an open question in this state;" it is valid as between the parties). We have carefully reviewed Jedrzejewski's arguments, but are not persuaded to alter the current and long-standing state of the law. The lack of proper acknowledgement is no bar to the enforcement of the deed as between Jedrzejewski and Bierma.[2]

*Lack of Consideration*

 [¶ 15] Regarding lack of consideration, the rule is that a deed is good without consideration, in the absence of some wrongful act on the part of the grantee, such as fraud or undue influence. *Strom v. Felton,* 76 Wyo. 370, 385, 302 P.2d 917, 922 (1956) (citing 26 C.J.S., Deeds, § 16, pp. 189, 190). *See Wayt v. Urbigkit,* 2007 WY 34, ¶ 20, 152 P.3d 1057, 1062 (Wyo.2007); *Walsh v. Walsh,* 841 P.2d 831, 837 (Wyo.1992); *Maurer v. Ballou,* 440 P.2d 126, 128 (Wyo.1968). Predictably, Jedrzejewski argues her evidence supports a finding of wrongdoing on the part of Bierma. We have already disposed of this argument. Consequently, the deed is good as between Jedrzejewski and Bierma despite the lack of consideration.

### CONCLUSION

[¶ 16] We find no error in the district court's decision. Under the facts and circumstances of this case, we find the factual decision by the district court that Bierma did not engage in any wrongdoing in the initiation and execution of the deed is not clearly erroneous. Since there was no wrongdoing, the deed is valid as between Jedrzejewski and Bierma despite the lack of proper acknowledgment and the lack of consideration.

[¶ 17] Affirmed.

---

2. In a separate issue not identified in the Statement of Issues, Jedrzejewski contends the rule regarding acknowledgment does not apply because she did not intend to convey the property to Bierma. She asserts the deed, therefore, is unenforceable on a contractual basis. This argument is of no avail since it runs counter to the facts as found by the district court.