# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 8

**OCTOBER TERM, A.D. 2023**

**January 23, 2024**

DARRELL R. TURCATO and ROBBIN D. WILKINS, individually and as Trustees of the Virginia E. Turcato Living Trust dated August 13, 1990, and as Trustees of the John B. Turcato Living Trust dated August 13, 1990,

Appellants
(Respondents),

v.

JAN FRADY and LARRY TURCATO,

Appellees
(Petitioners).

S-23-0152

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellants:*
    Judith Studer, Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.

*Representing Appellees:*
    Pro se. No appearance.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Darrell R. Turcato and Robbin D. Wilkins (Appellants) and Jan Frady and Larry Turcato (Petitioners) were beneficiaries of two Trusts created by their parents.  Darrell Turcato and Robbin Wilkins appeal from the district court's determination that a warranty deed executed by the Trusts transferring real property to them was invalid due to a defective acknowledgment.  We reverse.

## *ISSUE*

[¶2]    The Appellants present two issues.[1]  We reframe and consolidate these issues into one:

> Did the district court err when it found the defectively acknowledged signature of a trustee rendered the Warranty Deed void against Petitioners?

## *FACTS*

[¶3]    The undisputed facts come from the parties' Stipulation of Facts filed of record below.

[¶4]    In August 1990, John B. Turcato and Virginia E. Turcato created separate Living Trusts (the JT Trust and the VT Trust) which conveyed, among other things, one-half of their home (Home) to each Trust.  Title to the Home was held 50% by the JT Trust and 50% by the VT Trust.  Under both Trusts, the grantors' four children—Appellants Darrell Turcato and Robbin Wilkins, and Petitioners Jan Frady and Larry Turcato—were entitled to equal shares of the Trusts' assets on the death of the last of the settlors.[2]

[¶5]    Mr. Turcato died in 2009.  On his death, Virginia Turcato and Appellants became the co-trustees of the JT Trust.  Under the terms of the JT Trust, Mrs. Turcato and the co-trustees were empowered without limitation to dispose of the Home.  Mrs. Turcato retained the unrestricted right to remove any property, in whole or in part, from the VT Trust.

[¶6]    In 2020, Mrs. Turcato was 94 years old and continued to reside in the Home.  Appellants were her caregivers.  Mrs. Turcato decided to transfer the Home to Appellants in recognition of the physical and financial assistance they provided her.

---

[1] The Petitioners did not submit a brief on appeal.

[2] "'Settlor' means a person, including a testator, grantor or trust maker, who creates, transfers or contributes property to, a trust."  Wyo. Stat. Ann. § 4-10-103(a)(xviii) (LexisNexis 2023).

1

[¶7] Mrs. Turcato's attorney prepared a Warranty Deed conveying the Home from the JT Trust and the VT Trust to Appellants. On August 27, 2020, Appellant Wilkins obtained her mother's signature on the Warranty Deed. Appellants then went to the attorney's office and signed the Warranty Deed in front of a notary public. Mrs. Turcato was not at the attorney's office because Ms. Wilkins did not want to take her mother out in public due to COVID-19 and her mother's health. The notary, who had known the family for over 20 years and had previously notarized Mrs. Turcato's signature, notarized her signature despite her absence.

[¶8] Mrs. Turcato died on October 17, 2020. Petitioners filed for declaratory judgment seeking a declaration that the transfer of the Home was invalid based on the defective acknowledgment—the notarization of Mrs. Turcato's signature on the Warranty Deed, signed outside the presence of the notary.

[¶9] The district court granted the petition, ruling that the Petitioners had an interest in the Home at the time the Warranty Deed was signed and because of the defective notarization it was invalid as against them. This timely appeal followed.

### STANDARD OF REVIEW

[¶10] A summary judgment entered in a declaratory judgment action is subject to our usual standard for review of summary judgments. *Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 20, 226 P.3d 889, 904–05 (Wyo. 2010); *Hede v. Gilstrap*, 2005 WY 24, ¶ 5, 107 P.3d 158, 162 (Wyo. 2005).

[¶11] "This Court reviews a summary judgment in the same light as the district court, using the same materials and following the same standards." *Markstein v. Countryside I, L.L.C.*, 2003 WY 122, ¶ 11, 77 P.3d 389, 393 (Wyo. 2003) (quoting *McGee v. Caballo Coal Co.*, 2003 WY 68, ¶ 6, 69 P.3d 908, 911 (Wyo. 2003)). Where, as here, there are no contentions that genuine issues of material fact exist, our concern is strictly with application of the law. *Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.*, 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo. 2001). We accord no deference to the district court's conclusions on questions of law. *Yeager v. Forbes*, 2003 WY 134, ¶ 12, 78 P.3d 241, 246 (Wyo. 2003).

### DISCUSSION

[¶12] Appellants argue that because the Warranty Deed was valid between the parties to the deed, the Petitioners, had no interest in the property when the deed was executed, and did not obtain an interest when they became vested Trust beneficiaries at Mrs. Turcato's death. Consequently, Petitioners had no claim against the Warranty Deed and no standing to bring this case.

[¶13] There is no dispute that Appellants and Mrs. Turcato, as the co-trustees, were entitled to remove the Home from the JT Trust, or that Mrs. Turcato, as the settlor and Trustee of the VT Trust, was entitled to remove the Home from her Trust. There is also no dispute that, when Mrs. Turcato signed the Warranty Deed removing the Home from the Trusts, she intended to give the Home to Appellants. The question before the Court is whether the defectively acknowledged Warranty Deed is void against the Petitioners because they had an interest in the property when the deed was executed. Petitioners claimed they had such an interest as "qualified beneficiaries" under the Trusts.

## A. Title to the Home passed to Appellants.

[¶14] Wyo. Stat. Ann. § 34-1-113 requires an acknowledgment by the parties executing "deeds, mortgages or other conveyances of lands, or any interest in lands . . . *before any notarial officer*." Wyo. Stat. Ann. § 34-1-113 (LexisNexis 2023) (emphasis added); *see also* Wyo. Stat. Ann. § 32-3-111(a) (authentication of acknowledgment).

[¶15] Under Wyoming law, however, a defective acknowledgment does not render a warranty deed void ab initio. *Est. of Jedrzejewski ex rel. Severn v. Bierma*, 2008 WY 151, ¶ 13, 197 P.3d 1254, 1257 (Wyo. 2008).

[¶16] As we explained in *Jedrzejewski*:

> In construing the respective statutory language, this Court has consistently held an improperly executed interest in real property is not void ab initio. The lack of proper acknowledgment prevents the instrument from being recorded, thereby protecting third parties who afterwards may acquire an interest in the property. The instrument is valid, however, as between the parties to the instrument[.]

*Jedrzejewski*, ¶ 13, 197 P.3d at 1257; *see also Ohio Oil Co. v. Wyo. Agency*, 63 Wyo. 187, 200, 179 P.2d 773, 776 (1947) ("the absence of an acknowledgment did not prevent the passing of title"); *Wyo. Inv. Co. v. Wax*, 45 Wyo. 321, 18 P.2d 918, 922 (1933) ([T]he fact the notary public was not competent to take the acknowledgment on the mortgage was unimportant if the defendants actually signed the mortgage. As between the parties, the mortgage would be good without such acknowledgment.); *Steadman v. Topham*, 80 Wyo. 63, 78, 338 P.2d 820, 825 (1959) (when actually executed, an instrument is good between the parties even though not acknowledged); *Whalon v. N. Platte Canal & Colonization Co.*, 11 Wyo. 313, 71 P. 995, 999–1000 (1903) ("[A] deed not acknowledged or recorded of property not a homestead is not declared to be void except in section 2762,[3] and it is there

---

[3] Section 2762 was the precursor to our current statute, § 34-1-120 which provides:

declared to be void only as against certain persons, viz., purchasers in good faith of the same real estate, or any portion thereof, for a valuable consideration, whose conveyance shall be first duly recorded.").

[¶17]   When the parties signed the Warranty Deed, title immediately passed to Appellants, and that title was valid against all but certain parties.  Wyo. Stat. Ann. § 34-1-120.  The lack of proper acknowledgment is no bar to the enforcement of the deed between the Trusts and Appellants.

**B.**   **Petitioners became qualified beneficiaries of the Trusts after the Home was transferred.**

[¶18]  The district court held the Warranty Deed was void against the Petitioners.  It recognized our established law on the validity of improperly acknowledged documents between the parties to the deed, but expressed its reluctance to extend *Jedrzejewski* to the facts here:

> [Petitioners] are third parties insofar as they are not parties to the deed—they are not the grantors or grantees.  *And upon Virginia Turcato's death, they became, by the terms of the trusts, qualified beneficiaries, acquiring an interest in receiving a mandatory distribution of the property in the trusts*.  The title they would receive is clouded by the recording of a defectively acknowledged deed.

(Emphasis added.)   The district court's finding that "**upon Virginia Turcato's death**, [Petitioners] became, by the terms of the trusts, qualified beneficiaries" is key.  The Home was transferred before Virginia Turcato's death and before Petitioners had any vested interest in the property.

[¶19]  A "qualified beneficiary" is defined in Wyo. Stat. Ann. § 4-10-103(a)(xv) which provides in pertinent part:

> (xv)   "Qualified beneficiary" means:
>
> (A)   A beneficiary who is *currently entitled to mandatory distributions* of income or principal from the

---

Every conveyance of real estate within this state, hereafter made, which shall not be recorded as required by law, shall be void, as against any subsequent purchaser or purchasers in good faith and for a valuable consideration of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.
Wyo. Stat. Ann. § 34-1-120 (LexisNexis 2023).

4

trust or has a vested remainder interest in the residuary of the trust which is not subject to divestment;

(B) If a trust has no qualified beneficiary under subparagraph (A) of this paragraph, "qualified beneficiary" shall mean a beneficiary having a vested remainder interest in the residuary of the trust whose interest is subject to divestment only as a result of the beneficiary's death[.]

Wyo. Stat. Ann. § 4-10-103(a)(xv)(A)–(B) (LexisNexis 2023) (emphasis added). "[A] property interest vests at the point when no contingency can defeat the interest." *Jackson as Tr. of Phillip G. Jackson Fam. Revocable Tr. v. Montoya*, 2020 WY 116, ¶ 24, 471 P.3d 984, 989 (Wyo. 2020) (quoting *Shriners Hosps. for Child. v. First N. Bank of Wyo.*, 2016 WY 51, ¶ 32, 373 P.3d 392, 404 (Wyo. 2016)). We distinguish vested and contingent interests as follows:

The broad distinction between vested and contingent remainders is this: In the first, there is some person in esse known and ascertained, who, by the will or deed creating the estate, is to take and enjoy the estate, and whose right to such remainder no contingency can defeat. In the second, it depends upon the happening of a contingent event, whether the estate limited as a remainder shall ever take effect at all. The event may either never happen, or it may not happen until after the particular estate upon which it depended shall have been determined, so that the estate in remainder will never take effect.

*Id.* (quoting *Shriners*, ¶ 32, 373 P.3d at 404).

[¶20] Under the JT and VT Trusts, the Trustees had unrestricted power to sell the assets of the Trusts, including the Home. When the Warranty Deed was executed, Petitioners had no vested interest and no claim to the Home. *See id.* ¶ 27, 471 P.3d at 990 (An interest that had not yet vested when the successor trustee sought to sell the property could not provide a basis to preclude the sale.).

[¶21] When Virginia Turcato died, the Petitioners became qualified beneficiaries. When Petitioners became qualified beneficiaries, the Trusts no longer owned the Home, and Petitioners acquired no interest in the Home under the Trusts. Our precedent in *Jedrzejewski* and *Whalon* is applicable. Petitioners never had an interest in the Home and have no standing to assert an ownership claim.

## CONCLUSION

[¶22] The Warranty Deed is valid between the Trusts and Appellants. Petitioners had no interest in the property at the time of the transfer and have no standing to challenge the Warranty Deed. We reverse and remand to the district court for an order dismissing the case.